**Glenn David McGUIRE, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. O–97–651.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1997.

*ORDER DECLINING TO ASSUME ORIGINAL JURISDICTION AND DISMISSING PETITION FOR WRIT OF MANDAMUS*

On May 9, 1997, Petitioner filed herein his pro se Petition for Writ of Mandamus. He requests an order be issued to the District Court of Washington County commanding it to rule upon an application for post-conviction relief filed by Petitioner with the District Court in Case No. CRF–90–99. Petitioner attached a copy of his post-conviction application which indicates it was filed in the District Court on February 13, 1997. In his Petition for Writ of Mandamus, Petitioner alleges the District Court has as yet failed to rule upon the application and by reason thereof the writ should issue.

"Mandamus is not a writ to be taken lightly. By its very nature, mandamus is an extraordinary writ...." *Canady v. Reynolds,* 880 P.2d 391, 396 (Okl.Cr.1994). The *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18 App., Rule 10.3, states: "No petition for extraordinary relief shall be heard without notice to the adverse party. The petition for extraordinary relief and brief in support shall reflect service on the adverse party or parties." Petitioner's pleadings do not reflect service of any kind, whether by certificate of mailing or separate notice. As the District Court is the party against whom the writ is sought, service and notice upon the District Court is required before relief will be granted. In light of the serious nature of the writ of mandamus, we are not inclined to grant Petitioner relief and thereby overlook the notice requirements of Rule 10.3, regardless of possible merit of the allegations within Petitioner's pleadings.

Our district courts are burdened with huge numbers of pleadings. A district judge cannot reasonably be expected to know of every pleading filed in his or her court. Once a trial court is made aware a writ is being sought from this Court because the trial court has failed to rule upon an item filed with it, such oversight is more often than not promptly corrected on the trial court's own accord without an order being issued by this Court. Under other circumstances, we require a party to lodge a specific objection to a trial court's actions and allow the district court an opportunity to correct those actions before we will grant appellate relief ordering corrective measures. *E.g., Johnson v. State,* 559 P.2d 466, 471 (Okl.Cr.1977). In situations such as Petitioner's, the notice requirement of Rule 10.3 serves a purpose similar to that of the specific objection. But still more importantly, just as private citizens are entitled to notice and an opportunity to be heard

when named as a party in legal proceedings, so are district judges. Minimum standards of due process require no less.

▉ Our *Rules* do not specify the manner in which service may be effected. Notice to the adverse party may be perfected by mailing a copy of those items filed to each respondent and executing a proper certificate of mailing. The certificate should be appended at the end of the original of each document for which service is being certified. A party would also be in compliance with Rule 10.3 by filing a separate document listing each of the items which were mailed to the adverse party and which document properly certifies such mailing. Other valid forms of service, such as personal service by hand delivery, may be certified in a similar fashion.

**IT IS THEREFORE THE ORDER OF THIS COURT** that acceptance of original jurisdiction is **DECLINED** and Petitioner's May 9, 1997, Petition for Writ of Mandamus is hereby **DISMISSED.**

The Clerk for the Court of Criminal Appeals is directed to transmit a copy of this Court's Order to the Honorable John G. Lanning, Judge of the Washington County District Court; the Office of the District Attorney of Washington County; and to the Clerk of the District Court of Washington County, as well as to Petitioner.

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
/s/ CHARLES S. CHAPEL, Presiding Judge

/s/ Reta M. Strubhar
/s/ RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
/s/ GARY L. LUMPKIN, Judge

/s/ James F. Lane
/s/ JAMES F. LANE, Judge

/s/ Charles A. Johnson
/s/ CHARLES A. JOHNSON, Judge